COVINGTON *et al. v.* ROSS.

(Division A.    Jan. 31, 1938.)

[178 So. 474.    No. 33016.]

Rodgers & Prisock and R. W. Boydstun, all of Louis-ville, for appellee and cross-appellant.

E. M. Livingston, of Louisville, for appellants and cross-appellees.

McGehee, J., delivered the opinion of the court.

Appellee brought this action against the appellants in the circuit court of Winston county and sought to recover judgment on six promissory notes, which were attached as exhibits to the declaration. Appellants plead the general issue, and also set up as a defense, by special plea, that all remedy to enforce the collection of the notes sued on was barred under the statute of limitations fixed by chapter 251, Laws of Mississippi of 1934, on the ground that the notes sued on constitute a series of notes of three or more, and were secured by a deed' of trust which had been foreclosed prior to the passage of the said act of 1934, and that suit had not been filed within a year after the passage of said act.

A demurrer was interposed to this special plea, but no order was taken thereon. A replication to the special plea was then filed, whereupon the appellants, as defendants in the court below, filed a general demurrer to this replication to their special plea, and which demurrer was sustained to the extent that the court held that the act of 1934 applied to four of the notes sued on; and the demurrer was overruled to the extent that the court held that the act of 1934 did not apply to the other two notes, for the reason that they were not due within one year after the passage of the act. The order of the court goes no further than simply to sustain the demurrer in part and overrule it in part. It does not constitute a final judgment from which an appeal is allowable under our statutes. Code 1930, section 13. Hence, the court here has no jurissdiction of either the appeal or cross-appeal, and the same must be dismissed.

The case is controlled by State ex rel. Rice, Atty. Gen., v. Large, 171 Miss. 330, 157 So. 694.

Appeal dismissed.